SO ORDERED: August 21, 2017.



Robyn L. Moberly
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JAMES WENDELL STAPP ) | CASE NO. 16-8403-RLM-7A |
| THERESA ELIZABETH STAPP ) | |
| ) | |
| Debtors ) | |

### ORDER GRANTING MOTION FOR LEAVE TO FILE A 523(a)(3)(B) COMPLAINT ONLY

This matter came before the Court on July 17, 2017 for hearing on the Motion for Leave to File Complaint Objecting to Dischargeability of Debt and Discharge of Debtors filed by Honda Manufacturing of Indiana, LLC ("Honda"). For the reasons stated below, the court finds that the motion should be granted, but with the caveat that Honda shall be allowed to file a complaint under §523(a)(3)(B), only.

### Background

Custom Conveyor, Inc. ("CCI") is an Indiana corporation owned equally by James and Theresa Stapp. Honda hired CCI as an ongoing general contractor for

1

its construction projects which were covered under one Master Agreement. Under the Master Agreement, CCI was allowed to employ subcontractors upon written consent by Honda and had a duty to pay subcontractors on a timely basis and keep the subject properties free and clear of liens. Honda paid CCI progress payments as work on a particular project advanced. In 2013, Honda hired CCI as contractor on three projects, all of which were covered by the Master Agreement and paid CCI a total of 7 progress payments totaling more than 1.2 million dollars.

By Spring, 2014, subcontractors and suppliers had filed mechanic's liens on the construction projects. In May, 2014, one of those subcontractors filed in the Decatur County superior court a lawsuit to foreclose its lien, naming both CCI and Honda as defendants (the "State Court Case"). Honda filed a cross claim against CCI in the State Court case for breach of contract, fraud and slander of title. Honda made no claim against the Stapps in the State Court Case. CCI's creditors filed an involuntary chapter 7 case against it and an order for relief was entered in October, 2014, staying prosecution of Honda's cross-claim in the State Court Case. Honda was scheduled as an unsecured creditor in an "unknown" amount. Honda's attorney entered an appearance in that case and filed a proof of claim for more than 4 million dollars. The CCI bankruptcy was eventually declared a no-asset case and the case was closed on March 21, 2017.

The Stapps filed this case, their individual chapter 7 case, in October, 2016, about six months before the CCI case was closed. Because their case was related to the CCI chapter 7 case, the CCI chapter 7 trustee was also appointed trustee in this case. The deadline to file complaints objecting to discharge and complaints to determine the dischargeability of debts was February 14, 2017 (the "Complaint Deadline").

Honda was not listed as a creditor in the Stapps' bankruptcy schedules, but Honda asserts that the Stapps are personally liable for the debt owed to Honda under an alter ego theory. Honda's attorney in the CCI bankruptcy case regularly contacted the CCI chapter 7 trustee for information as to when the CCI case would conclude so that Honda could resume legal action in State Court, presumably

2

against the Stapps. Honda's attorney contacted the CCI chapter 7 trustee a week after the Complaint Deadline to get an update on the CCI case and learned from the CCI chapter 7 trustee for the first time that the Stapps had filed their individual chapter 7 case and that the Complaint Deadline had expired. Honda asks for leave to file a complaint alleging claims under both §523 and §727.

## Discussion

Rules 4004(a) and 4007(c) of Federal Rules of Bankruptcy Procedures collectively provide that a complaint to object to a debtor's discharge under §727 or a complaint to determine dischargeability of a debt under §523(a)(2), (4) or (6) (hereinafter "§523 fraud complaints") must be brought within 60 days of the date of the first scheduled §341 meeting. That 60-day deadline may be extended, but "only to the extent and under the conditions stated in those rules". Fed. R. Bank. P. 9006(b)(3). The "conditions stated" in Rules 4004 and 4007 allow a party to file a motion to extend the time to file a complaint, but the motion to extend must be filed within the 60-day period, or within such extended time fixed by the court. Fed. R. Bank. P. 4004(c) and 4007(c). Another "condition stated" in Rule 4004 allows an untimely motion to extend to file a §727 complaint, but only where the movant did not have knowledge of the facts providing the basis of the §727 claim and such facts would provide a basis to revoke the discharge under §727(d). Fed. R. Bank. P. 4004(b)(2). [1] There is no such counterpart in Rule 4007 allowing a late-filed motion to extend with respect to §523 fraud complaints. Fed. R. Bank. P. 4007(c). Rules 4004 and 4007 state no other conditions under which a party may file a late complaint or file a late motion to extend. The purpose of such hard-and-fast rules with respect to §523 fraud complaints and §727complaints is to promote the

---

[1] This provision was added in 2011 to remedy the problem where a party discovered grounds for denial of discharge under §727 after the §727 complaint deadline had passed but before entry of the discharge. Such circumstances put a creditor, most often the United States Trustee, in the precarious position of having no remedy. It could not file a §727 complaint (because the deadline had passed) and could not file a complaint to revoke discharge (because the discharge had not been entered). Rule 4004(b)(2) remedied that problem by allowing a party to file a motion to extend time to file §727 complaint outside the 60-day period under those circumstances.

expeditious and efficient administration of bankruptcy cases. *In re Sieger*, 360 B.R. 653, 655 (Bankr. N. D. Ohio 2007).

The parties have focused their discussion on whether the court should grant Honda equitable relief and allow it to file its complaint out of time. Providing equitable relief to avoid the harsh deadlines of Rules 4004, 4007 and 9006(b) was discussed in *Kontrick v. Ryan*, 540 U.S. 443, 124 S.Ct. 906, 157 L. Ed. 867 (2004). In *Kontrick* a plaintiff amended his complaint and added a §727 claim that was time barred under Rule 4004. The bankruptcy court granted summary judgment on the added claim and the defendant moved to set aside the judgment, raising the timeliness issue for the first time. The defendant argued that Rule 4004's time deadlines were "jurisdictional" in that they were not alterable, allowing no recourse for equitable exceptions. Because the rule was "jurisdictional", the issue of timeliness could be raised at any time, even after judgment.

The Supreme Court held that Rule 4004 (and Rules 4007 and 9006 by extension) were not jurisdictional but were "mere claims processing rules", comparable to statutes of limitations, and were subject to equitable defenses which could be waived if not timely asserted. The plaintiff in *Kontrick* never moved for leave to file an amended complaint containing a time barred §727 claim, it just filed an amended complaint alleging the claim. The defendant never moved to dismiss that claim on the basis of untimeliness but rather raised the issue on reconsideration only after the plaintiff had been awarded summary judgment on it. Thus, the issue before the court was whether the defendant forfeited the untimeliness defense, not whether equitable defenses were available to a plaintiff who filed a complaint out of time. 124 S.Ct. at 916-917 (" ("Whether the Rules, despite their strict limitations, could be softened on equitable grounds is therefore a question we do not reach", but later noting that had the defendant timely raised the defense, the issue *would* have been "whether the time restrictions in the Rules are in such emphatic form as to preclude equitable exceptions."). [2]

---

[2] The *Kontrick* court noted in footnote 11 of its opinion that courts were divided in whether the strict timelines in Rules 4004 and 4007 allowed equitable exceptions to late filed 523 fraud and

4

Both parties argue the merits of whether the complaint deadline should be equitably tolled. As the Stapps note in their objection and response [ECF #43 and #54] the defense of equitable tolling is narrowly tailored and sparingly applied. Courts within the Seventh Circuit have limited it to cases where (1) the creditor has diligently pursued its rights and (2) extraordinary circumstances beyond the creditor's control prevented the filing. *In re Lee*, No. 14 B 29989, 2015 WL 251992 at *4 (Bankr. N. D. Ill. January 21, 2015). This two-part test was articulated in *Holland v Florida*, 560 U.S.631,649 (2010). This test is more stringent than the *Maughan* five-part test urged by Honda. *In re Maughan*, 340 F.3d 337 (6th Cir. 2003) [3]. Two of the five factors under *Maughan* deal specifically with whether the creditor got notice of the deadline. However, lack of notice was not an issue in *Maughan* because the creditor did not dispute that he received notice of the filing deadline. However, *Maughan* is not binding in the 7th Circuit and its viability even within its own circuit has been doubted. See, *Hall v. Warden*, 662 F.3d 745 (6th Cir. 2011) (concluding that the five- part test has been replaced by *Holland*'s two-part test).

Both *Maughan* and *Lee* involved creditors who received notice of the bankruptcy case and the complaint deadline. The difficulty the court has with the parties' equitable tolling arguments is that cases where deadlines have been

---

727 complaints. The division continues post-*Kontrick*. See for example, *In re Gross*, No. 06-10098-TJC, 2006 WL 4671812 at *2 (Bankr. D. Md. July 24, 2006) (court has no discretion under Rules 4007 and 9006 to enlarge the time period where a motion to extend is filed outside of the time period); *In re Nwoke*, No. 07-10324-SSM, 2008 WL 750591 at *1 (Bankr. E. D. Va. March 18, 2008) ("the court has no power, after the bar date for filing a complaint has passed, to extend the time to file a complaint" under Rules 4007 and 9006(b)(3)); But see, *In re Davis*, 330 B.R. 606 (Bankr. E.D Tenn. 2005) (where court considered plaintiff's defenses of equitable tolling and equitable estoppel but ultimately granted defendant's motion to dismiss time-barred complaint); *In re Camus*, 386 B.R. 396, 398 (Bankr. D. Conn. 2008) (court denied defendant's motion to dismiss, determining that complaint deadline had been equitably tolled due to unrelated third party's misstatement).

[3] That test requires that the creditor show (1) lack of actual notice of the deadline (2) lack of constructive notice of the deadline (3) diligence in pursing one's rights (4) absence of prejudice to the defendant and (5) reasonableness in remaining in remaining ignorant of the deadline. It does not require a showing of extraordinary circumstances beyond the creditor's control.

5

equitably tolled have been cases where the filer knew of the filing deadline. [4] That is not the case before us. It follows that a party who has missed a known deadline should be required to show the heavy burden of "extraordinary circumstances" beyond its control before it is entitled to equitable relief. A party who was never notified of the deadline in the first place, such as Honda, should not have to bear the same heavy burden as a party who knew of the deadline and simply bungled it.

Section 523(a)(3)(B) provides an obvious remedy which allows a clear path to Honda to proceed to litigate the dischargeability issues. That section provides that a 523 fraud claim is not discharged if the creditor whose name is known to the debtor was not listed or scheduled in time for it to file a timely 523 fraud complaint, unless the creditor had notice or actual knowledge of the bankruptcy case in time for it to file a timely 523 fraud complaint. Honda was not scheduled as a creditor and Debtors do not dispute that Honda did not receive notice of the bankruptcy or the complaint deadline. They do not contend that Honda had actual knowledge of their bankruptcy case in time to file a timely complaint. See, *In re Harvey*, 143 B.R. 1, 2 (Bankr. D. Col. 1992) (unscheduled creditor was given notice in open court in a pending civil action 43 days before the complaint deadline that the debtor had filed for bankruptcy.) They do not dispute that Honda's name was known to them. They do dispute that Honda was a creditor of theirs and contend that they were not aware that Honda held a claim against them because Honda has never asserted a claim against them and failed to sue them in the State Court action.

The Stapps have not offered authority that a party must first "assert a claim" against a debtor to be considered a creditor. A creditor is one who has a claim against the debtor that arose pre-petition. §101(10). A "claim" is a right to payment, and includes "contingent" rights to payment. §101(5A). An alter ego

---

[4] But see, *In re Phelan*, 420 B.R. 791, 793 (Bankr. N. D. Ill. 2009) (where court found that deadline to file 523 fraud claim was equitably tolled because the creditor was not scheduled and was not given notice of the bankruptcy, the §341 meeting, or the complaint bar date. The court made no mention of §523(a)(3)(B)).

6

claim that seeks to pierce the corporate veil to hold a principal liable for a corporate debt is a contingent claim. See, *In re Hurricane R.V. Park, Inc.* 185 B.R. 610, 613 (Bankr. D. Utah 1995) (holding that U.S. held a contingent claim based on theory that corporate chapter 11 debtor was alter ego of debtor's vice president). Honda is a contingent creditor of the Stapps.

A "known" creditor is one whose identity is reasonably ascertainable through reasonably diligent efforts. While the debtor need not search out "every conceivable or possible creditor", the search, at a minimum, should start with the debtor's books and records. *In re U.S.H. Corp. of New York*, 223 B.R. 654, 659 (Bankr. S.D.N.Y. 1998). Honda filed a cross claim against CCI in State Court and filed a $4 million proof of claim in the CCI chapter 7 case. Honda's attorney attempted to question Mr. Stapp about his personal finances and his son's real estate holdings at the CCI §341 meeting before they were cut off by CCI's (and Stapps') attorney. Honda's attorney alluded to commingling of corporate assets with various entities and individuals in the CCI §341 meeting. The Stapps did not have to conduct an all-out search for every possible creditor to ascertain that Honda might have a claim against them. Debtors' contention that they did not know Honda was a creditor of theirs is not persuasive given the fact that all, or nearly all, of the claims scheduled in the CCI bankruptcy were also scheduled in the Stapps' personal bankruptcy as contingent claims, with the glaring exception of Honda's. Honda's identity as a possible creditor of the Stapps was reasonably ascertainable.

Thus, Honda's remedy as to its 523 fraud claim is not to seek equitable relief to allow it to file an untimely complaint, but rather to file an independent complaint under §523(a)(3)(B) which can be brought at any time. *Gross*, at *2; *Sieger*, 360 B.R. at 656 (the "first and primary remedy is to initiate an independent cause of action under §523(a)(3)(B).") Since the §523(a)(3)(B) complaint can be brought at any time, extension or leave to file it is not needed. *Sieger,* 360 B.R. at 656; *Nwoke*, at *2.

The §727 claims are more problematic. Section 727 has no counterpart to Section 523(a)(3)(B). Neither the code nor the rules specifically provide for a creditor

7

to file an out of time §727 complaint when it has not been scheduled in time for it to file a timely one.  Rule 4004(b)(2) allows a motion to extend the time to file a §727 complaint to be filed late but that rule addresses cases where the creditor is aware of the §727 complaint deadline, but doesn't become aware that it holds a §727 claim until after the deadline expires.  The inverse is true here: Honda was aware of its claim but had no knowledge of the deadline.  Presumably, had Congress and the drafters of the rules wanted to amend §727 or Rule 4004 to include such a provision, they knew how to do so.  A 523 fraud claim is limited to the debt owed and is personal to the creditor to whom it is owed.  Perhaps the drafters of the code and rules were of the opinion that providing §523(a)(3)(B) as an avenue for the unscheduled creditor was sufficient.  Conversely, Section 727 claims involve acts that affect all creditors.  A §727 complaint can be brought by the panel trustee or the United States Trustee, two parties who will always have notice of the §727 complaint deadline.  With no clear authority allowing the late filing of a §727 complaint by an unscheduled creditor, the Court denies the motion for leave to file as to the §727 claim.  The chapter 7 trustee timely moved for and obtained up to August 14, 2017 to file a §727 complaint.  Prior to the expiration of the time to file a §727 complaint, the trustee has again asked that her deadline to file be extended to November 13, 2017 and that motion is currently noticed out for objections. The trustee has preserved §727 claims for the estate.

     Honda's motion for leave to file complaint is not necessary since Honda may file a §523(a)(3)(B) complaint at any time without leave of court. However, for the sake of clarity, the Court grants the motion as to a §523(a)(3)(B) complaint but denies it as to a §727 complaint.

# # #